UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TERRENCE TURNER,<br><br>     Plaintiff,<br><br>  v.<br><br>TABOONSF INC.; HUMMUS BODEGA; DIN LIEB; ISSAC YOSEF; *et al*.<br><br>     Defendants. | Case No. 2:24-cv-00837-CDS-EJY<br><br>**ORDER**<br><br>**AND**<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Plaintiff Terrence Turner's Application to Proceed *in forma pauperis* and Civil Rights Complaint. ECF Nos. 1, 1-1. Plaintiff's *in forma pauperis* Application is complete and granted below.

**I.     Screening Standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *id*.).

## II. Plaintiff's Complaint

Plaintiff's Complaint fails to establish a basis for the exercise of personal jurisdiction over Defendants TaboonSF Inc., Hummus Bodega, Din Lieb, Issac Yosef, and others located in San Francisco, California. The remaining named Defendants are immune from suit.[1]

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Federal courts may exercise either general or specific personal jurisdiction over a defendant. *AMC Fabrication, Inc. v. KRD Trucking West, Inc.*, Case No. 2:12-cv-00146-LDG-CWH, 2012 WL 4846152, at *3 (D. Nev. Oct. 10, 2012) (internal citations omitted). A defendant challenging personal jurisdiction carries the burden of establishing that discovery should be stayed. *Holiday Sys. Intern. of Nevada v. Vivarelli, Schwarz, and Assocs., S.A. de. C.V.*, Case No. 2:10-cv-00471-MMD-GWF, 2012 WL 3860824, at *2 (D. Nev. Sept. 5, 2012).

To establish general jurisdiction, a defendant must have sufficient contacts with the forum state to constitute the "kind of continuous and systematic general business contacts that approximate physical presence." *AMC Fabrication*, 2012 WL 4846152, at *3 (internal citation omitted). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile[.]" *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). Here,

---

[1] To the extent Plaintiff seeks to sue federal agencies his claims fail as these agencies are immune from suit. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit"); *see also Patock v. Fox News Television Channel*, Case No. 1:11-cv-974, 2012 WL 695892, at *2 (E.D. Va. Mar. 1, 2012) (explaining that "[c]ourts generally do not have subject matter jurisdiction over claims against the federal government and its agencies due to the doctrine of sovereign immunity"); *Assenberg v. McCullum*, Case No. C06-987RSL, 2006 WL 2841893, at *2 (W.D. Wash. Oct. 2, 2006) (the FDA is immune from suit). Based on the foregoing, the Court recommends the Federal Drug Administration, the Internal Revenue Service, the Occupational Safety and Health Administration, and the U.S. Department of Labor be dismissed with prejudice.

Plaintiff alleges no facts suggesting Defendants engage in continuous and systemic general business contact with the State of Nevada sufficient to warrant the exercise of general jurisdiction.

A district court may exercise specific jurisdiction over a defendant if the causes of action "arise[] out of or relate to" the defendant's in-state activity. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985). Determining whether specific jurisdiction exists over an out-of-state defendant involves two inquiries: (1) whether a forum state's long-arm statute permits service of process, and (2) whether the assertion of personal jurisdiction would violate due process. *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1177, 1180 (9th Cir. 2004). Because Nevada's long-arm statute, NRS § 14.065, reaches the "outer limits of federal constitutional due process," the Court need only analyze whether exercising specific jurisdiction over Defendants comports with due process. *Certain-Teed Prods. Corp. v. Second Judicial Dist. Ct.*, 479 P.2d 781, 784 (Nev. 1971).

To determine whether exercising personal jurisdiction over a particular defendant would violate due process, the Court applies a three-prong "minimum contacts" test that asks whether: "(1) the defendant has performed some act or transaction within the forum or purposefully availed himself of the privileges of conducting activities within the forum, (2) the plaintiff's claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction over the defendant is reasonable." *In re W. States Wholesale Natural Gas Litig.*, 605 F.Supp.2d 1118, 1131 (D. Nev. 2009) (internal citation omitted). The plaintiff bears the burden of satisfying the first two prongs of the specific jurisdiction standard. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990).

Plaintiff claims Defendants run a kosher restaurant operating in San Francisco, California that fails to serve kosher food. Plaintiff asserts no facts that support Defendants have any contacts with Nevada let alone minimum contacts sufficient to demonstrate an exercise of specific jurisdiction is reasonable.

### III. Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) is DISMISSED without prejudice and with leave to amend.

IT IS FURTHER ORDERED that if Plaintiff chooses to amend his Complaint he must allege facts sufficient to demonstrate the Court may exercise jurisdiction over this matter. Jurisdiction must be established not merely as to subject matter, but with respect to personal jurisdiction over the Defendants. Plaintiff may want to consider filing his Complaint in the U.S. District Court for the Northern District of California instead.

IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint in the District of Nevada, he must do so no later than **June 6, 2024**.

## IV. Recommendation

IT IS HEREBY RECOMMENDED that Plaintiff's Claims against the Food and Drug Administration, the U.S. Department of Labor, the Internal Revenue Service, and the Occupational Safety and Health Administration be dismissed with prejudice as these agencies are immune from suit.

DATED this 6th day of May, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. In 1985, the Supreme Court held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).