UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Terrence Turner,

        Plaintiff

v.

TaboonSF Inc., et al.,

        Defendants

Case No. 2:24-cv-00837-CDS-EJY

**Order Adopting Magistrate Judge's Report and Recommendation**

[ECF No. 6]

Plaintiff Terrence Turner initiated this action by filing an application to proceed *in forma pauperis* (IFP) alongside his complaint. *See generally* ECF No. 1. Magistrate Judge Elayna Youchah reviewed Turner's complaint and issued an order and report and recommendation (R&R) granting Turner's IFP application, but dismissing his claims against TaboonSF Inc., Hummus Bodega, Din Lieb, and Issac Yosef without prejudice for failure to establish general or specific personal jurisdiction of these defendants. Order, ECF No. 6. Judge Youchah recommends that I dismiss Turner's claims against the Food and Drug Administration (FDA), the U.S. Department of Labor, the Internal Revenue Service (IRS), and the Occupational Safety and Health Administration (OSHA) with prejudice as these agencies are immune from suit. *Id.* at n.1.

Turner had until May 20, 2024 to file any objections to the R&R. 28 U.S.C. § 636(b)(1); LR IB 3-2(a) (stating that parties wishing to object to an R&R must file objections within fourteen days). As of the date of this order, no objection has been filed and the deadline to do so has passed. The Ninth Circuit has recognized that a district court is not required to review a magistrate judge's R&R where no objections have been filed. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While review is not required because Turner does not object to the R&R, I nonetheless conduct one here and agree with Judge Youchah's findings.

The FDA, IRS, OSHA, and U.S. Department of Labor are barred by federal sovereign immunity and thus fail as a matter of law. *See Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) (sovereign immunity protects the United States, as well as its agencies, officers, and employees from actions for money damages, unless there has been an express waiver of immunity and consent to suit). Any waiver of sovereign immunity must be unequivocally expressed. *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir. 1982). And Turner, as the party suing the federal government, "bears the burden of pointing to such an unequivocal waiver of immunity." *See Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir.1983). "Such a waiver cannot be implied but must be unequivocally expressed." *See United States v. King*, 395 U.S. 1, 4 (1969). Here, after reviewing Turner's complaint, I find that it does not point to a waiver of sovereign immunity. Thus, I adopt Judge Youchah's recommendation in full.

## Conclusion

IT IS THEREFORE ORDERED that the report and recommendation [ECF No. 6] is **ADOPTED**. Defendants FDA, IRS, OSHA, and U.S. Department of Labor are dismissed with prejudice.

**If Turner chooses to file an amended complaint that complies with Judge Youchah's order, he must do so no later than June 6, 2024.** Failure to do so will result in dismissal of this case.

Turner is reminded that the amended complaint must be labeled "FIRST AMENDED COMPLAINT" and must include all facts and claims on which he seeks to proceed even if the same claim is in the current complaint because a newly filed first amended complaint will replace the current complaint in its entirety. The proposed first amended complaint must be complete in and of itself as nothing in the original complaint will be considered by the court.

Dated: May 22, 2024

_____
Cristina D. Silva
United States District Judge