# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Terrance Turner,

    Plaintiff

v.

Taboonsf Inc., Din Leib & Isaac Yosef, et al.,

    Defendants

Case No. 2:24-cv-00837-CDS-EJY

**Order Dismissing and Closing Case**

    I adopted Magistrate Judge Elayna J. Youchah's report and recommendation, thereby dismissing plaintiff Terrance Turner's claims. Order, ECF No. 8. Turner had until June 6, 2024 to file an amended complaint. *Id*. Turner was warned that failure to file a timely amended complaint would result in dismissal of this case. *Id*. The deadline has passed, and Turner has not filed an amended complaint or requested more time to do so. Consequently, I kindly instruct the Clerk of Court to close this case.

## I.     Discussion

    A failure to file a timely amended complaint or request an extension of time to do so—despite being forewarned of the consequences—evidences a lack of prosecution on Plaintiff's part. *See Link v. Wabash R.R.*, 370 U.S. 626, 629–30, (1962); see also Fed. R. Civ. P. 41(b). Further, "[i]f a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action." *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005).

    The Ninth Circuit has instructed the following factors are relevant in determining whether to dismiss an action for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." *Yourish v. California Amplifier*, 191 F.3d 983, 991–92 (9th Cir.

1999) (affirming dismissal for failure to timely file an amended complaint, applying the five factors).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal. The Ninth Circuit has held that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish*, 191 F.3d at 990. In cases like the one at hand, where a case is delayed by a party's failure to comply with deadlines, the case cannot move forward toward resolution on the merits. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d at 1228. For that reason, "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Here, Turner has delayed further adjudication of the claims by failing to timely amend his complaint. There is currently no operative complaint on file, and it is Turner's responsibility to move this action forward. This action cannot proceed without his compliance, and it cannot simply remain idle on the court's docket, unprosecuted.

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal. While the mere pendency of a lawsuit cannot constitute sufficient prejudice to require dismissal, "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute." *Yourish*, 191 F.3d at 990; *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002). A plaintiff has the burden of demonstrating a non-frivolous reason for failing to meet a court deadline. *Laurino*, 279 F.3d at 753; *Yourish*, 191 F.3d at 991. Here, Turner failed to file an amended complaint despite the court's efforts to provide him with the opportunity to do so. *See e.g.*, ECF Nos. 24; 26. Since it appears that Tuner does not intend to litigate this action diligently, which has caused unreasonable delay, there arises a rebuttable presumption of prejudice to the defendants. *See Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) (a presumption of injury arises from unreasonable delay).

The fourth factor, the public policy favoring disposition of cases on their merits, typically weighs against dismissal. However, here, the claims have been decided on the merits; I adopted Judge Youchah's report and recommendation, dismissing all Turner's claims. Order, ECF No. 8. But because there was a possibility Turner could amend his complaint to add facts supporting some of his claims, I gave leave to amend—which Turner did not do. Further, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d at 1228. Because it is Turner's responsibility to move the case toward disposition at a reasonable pace and the case has already been decided on the merits, the fourth factor is greatly outweighed by the factors in favor of dismissal.

The fifth factor, the availability of less drastic sanctions, also weighs in favor of dismissal. Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424. A court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Turner has been provided adequate warning that dismissal would result from noncompliance with the court's order. *See e.g.*, Order, ECF No. 8 at 2. Turner's decision not to amend, made in the face of a warning of the consequences, leaves the court with two alternatives: dismiss the action or leave it pending indefinitely without an operative complaint. There is thus no lesser alternative so the fifth factor favors dismissal.

## II.     Conclusion

Finding that the dismissal factors and circumstances of this case weigh heavily in favor of dismissal, I hereby DISMISS this action with prejudice under Rule 41(b). The Clerk of Court is kindly directed to close this case.

Dated: June 12, 2024

_____
Cristina D. Silva
United States District Judge